IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUN 10 P 4: 19

CLERK'S OFFICE
AT BALTIMORE

BY_____*DEPUTY

UNITED STATES OF AMERICA
JEROME PALMIERI,

Plaintiffs

v.

ALPHARMA, INC., *et al.*

Defendants

**FILED UNDER SEAL**
Civil No. – ELH-10-1601

\*\*\*\*\*\*

## **MEMORANDUM**

On April 26, 2011, the United States and the *qui tam* states filed a Notice of Election to Decline Intervention. ECF 11. The next day, the Relator filed "Relator's *Ex Parte* Motion For An Extension Of The Seal." ECF 12. The Relator averred that he had recently obtained new counsel, after a search of several months, and his new attorneys needed additional time to draft an amended complaint that would set forth additional allegations and add another defendant. Therefore, the Relator asked for a 60-day extension of the seal.

By Order dated May 24, 2011, Judge Garbis granted that motion. ECF 16. In the Order, the Court extended the seal for sixty days, through June 27, 2011.

Then, on June 8, 2011, plaintiff filed his "*Ex Parte* Motion of Relator Jerome Palmieri To Extend The Seal" ("Motion") ECF 17. In the Motion, plaintiff requested a further extension of an additional 30 days to continue the seal, during which time his counsel intends to prepare an amended complaint. Noting that his earlier motion for extension (ECF 12) was filed by "previous counsel," plaintiff stated, in part: "Relator's new counsel is still attempting to familiarize itself with the facts of the case, and requires an additional thirty (30) day extension to

adequately evaluate allegations of the operative complaint and amend it as necessary." ECF 17, at 2. The Motion also pointed to "an unexpected scheduling conflict" for the person who is to be "instrumental in the drafting of the amended complaint," and observed that the conflict "will not be resolved before the current expiration of the seal." *Id.*

Notably, plaintiff did not cite any legal authority to support his right to an extension of the seal. Moreover, the Motion fails to explain why the complaint cannot be amended after it is unsealed.

The False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, "prohibits submitting false or fraudulent claims for payment to the United States, § 3729(a), and authorizes *qui tam* suits, in which private parties bring civil actions in the Government's name, § 3730(b)(1)." *Schindler Elevator Corp. v. United States*, 563 U.S. ___, No. 10-188, slip op. at 1 (May 16, 2011). Under § 3730(b)(2) of the FCA, the *qui tam* relator is required to file the complaint under seal, and it must remain sealed for 60 days. § 3730(b)(2). "This initial seal provision and 60-day period are mandatory." *ACLU v. Holder*, No. 09-2086 (4th Cir. March 28, 2011)). As the Fourth Circuit explained in *Holder*, "Congress adopted the 60-day period for numerous reasons," *id.* slip op. at 8, including to permit the government "to investigate the allegations to decide whether to intervene." *Id.* Thus, "The seal provisions provide time for ... investigation so that the United States may make an informed decision about whether to intervene in the qui tam action." *Id.*, slip op. at 9. For good cause shown, the Government may seek an extension of the time to investigate and the corresponding seal; during the investigatory period, the complaint remains under seal. 31 U.S.C. § 3730(b)(3).

Of import here, the seal provisions of the FCA are "narrowly tailored...." *Holder*, slip op.

2

at 14. This is in accordance with the common law, which presumes the right of public access to judicial records, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978), as well as the First Amendment.

I am unaware of any authority permitting the Court to grant an extension of the seal upon the request of a relator, made *after* the Government has already declined to intervene, for the purpose of amending the complaint. Indeed, in *Holder* the Court observed that, once the United States declines to intervene, the Complaint is unsealed. *Holder,* slip op. at 10, 22. But, even if a relator may obtain an extension of the seal after the Government declines to intervene, a party requesting continuation of the seal "bears the burden of showing why the material should be kept from public view." *United States ex rel. Alcohol Foundation, Inc. v. Kalmanovitz Charitable Foundation, Inc.*, 186 F.Supp. 2d 458, 465 (S.D.N.Y. 2002). Such a request would require a showing of good cause. In my view, the relator has not established good cause.

Therefore, by separate Order, I shall deny the Motion (ECF 17).

Date: June 10, 2011

/s/
Ellen Lipton Hollander
United States District Judge

3