FILED: April 26, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1388
(1:10-cv-01601-ELH)

UNITED STATES EX REL. JEROME PALMIERI

    Plaintiff - Appellant

and

STATE OF CALIFORNIA; STATE OF DELAWARE; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF INDIANA; STATE OF LOUISIANA; STATE OF MICHIGAN; STATE OF MONTANA; STATE OF NEVADA; STATE OF NEW HAMPSHIRE; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OKLAHOMA; STATE OF RHODE ISLAND; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF WISCONSIN; THE DISTRICT OF COLUMBIA; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF VIRGINIA

    Plaintiffs

v.

ALPHARMA, INCORPORATED; ALPHARMA PHARMACEUTICALS, LLC; KING PHARMACEUTICALS, INCORPORATED; PFIZER, INCORPORATED

    Defendants - Appellees

## JUDGMENT

In accordance with the decision of this court, the judgment of the district court is vacated. This case is remanded to the district court for further proceedings consistent with the court's decision.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1388

UNITED STATES EX REL. JEROME PALMIERI,

 Plaintiff - Appellant,

and

STATE OF CALIFORNIA; STATE OF DELAWARE; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF INDIANA; STATE OF LOUISIANA; STATE OF MICHIGAN; STATE OF MONTANA; STATE OF NEVADA; STATE OF NEW HAMPSHIRE; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OKLAHOMA; STATE OF RHODE ISLAND; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF WISCONSIN; THE DISTRICT OF COLUMBIA; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF VIRGINIA,

 Plaintiffs,

 v.

ALPHARMA, INCORPORATED; ALPHARMA PHARMACEUTICALS, LLC; KING PHARMACEUTICALS, INCORPORATED; PFIZER, INCORPORATED,

 Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:10-cv-01601-ELH)

Submitted: June 30, 2015                    Decided: April 26, 2016

Before GREGORY, DUNCAN, and DIAZ, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Anna C. Dover, Rolando G. Marquez, MILBERG, LLP, New York, New York; John B. Isbister, Jaime W. Luse, TYDINGS & ROSENBERG, LLP, Baltimore, Maryland, for Appellant. Steven J. Menashi, KIRKLAND & ELLIS, LLP, New York, New York; John C. O'Quinn, Devin A. DeBacker, KIRKLAND & ELLIS LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Relator Jerome Palmieri appeals the district court's dismissal of his qui tam complaint against his former employer, Alpharma, Inc., and associated companies (collectively, "Defendants"), under the False Claims Act ("FCA"). The district court dismissed Palmieri's complaint pursuant to Fed. R. Civ. P. 9(b), for failure to plead his claims of fraud with sufficient particularity. In so ruling, the district court did not address Defendants' arguments that Palmieri's claims were precluded by the FCA's first-to-file bar, 31 U.S.C. § 3730(b)(5) (2006),* and public-disclosure bar, 31 U.S.C. § 3730(e)(4)(A) (2006), amended by Patient Protection & Affordable Care Act, Pub. L. No. 111-148, tit. X, sec. 10104(j)(2), 124 Stat. 119, 901-02 (2010).

Under the pre-2010 version of § 3730 that governs Palmieri's action, see United States ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 915 (4th Cir. 2013) (recognizing "that the 2010 FCA amendments may not be applied to cases arising before the effective date of the amendments"), both the first-to-file and public-disclosure defenses are jurisdictional in nature, see id. at 914-18, 920 (§ 3730(e)(4)(A)); United States ex rel. Carter v. Halliburton Co., 710 F.3d 171, 181 (4th Cir. 2013) (§ 3730(b)(5)),

---

* The current version of § 3730(b)(5) is identical to the version in effect at the time Palmieri's claims arose.

3

rev'd in part on other grounds, <u>Kellogg Brown & Root Servs., Inc. v. United States ex rel. Carter</u>, 135 S. Ct. 1970 (2015). We conclude, therefore, that the district court was obligated to consider both defenses before assessing the sufficiency of Palmieri's complaint. Accordingly, we vacate the district court's order and remand this case for consideration in the first instance of whether the FCA's first-to-file bar or public-disclosure bar deprived the district court of subject-matter jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

FILED: April 26, 2016

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No.   14-1388,   <u>United States ex rel. Jerome P v. Alpharma, Incorporated</u>
1:10-cv-01601-ELH

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available from the clerk's office or from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a <u>Bill of Costs</u> within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).